**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH CASE,

      Petitioner,                     Civil No. 2:12-CV-10845
                                           HONORABLE ARTHUR J. TARNOW
v.                                  UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

      Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Kenneth Case, ("Petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed through his attorney F. Martin Tieber, petitioner challenges his conviction for three counts of second-degree criminal sexual conduct, M.C.L.A. § 750.520c, and seven counts of third-degree criminal sexual conduct, M.C.L.A. § 750.520d.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I.  Background

      Petitioner was convicted following a jury trial in the Roscommon County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the

*Case v. Rapelje,* 2:12-cv-10845

Michigan Court of Appeals, which are presumed correct on habeas review

pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th

Cir. 2009).

> Defendant was a teacher and administrator at the victim's school.
> Outside of school, the victim played in a band with defendant and his
> wife. The victim would spend the night at defendant's residence after
> practicing with the band on Thursday nights. The victim also travelled
> with defendant and his family to various performances, as well as on
> vacations to Nova Scotia and Europe. The victim testified that she was
> age 15 when defendant began to touch her sexually and have her
> touch him. According to the victim, the sexual activity increased to
> include digital penetration and oral sex and, once she reached the age
> of 18, the two began to engage in sexual intercourse. Defendant
> admits to having a consensual affair with the victim after she turned 18,
> but denies any sexual activity while the victim was underage. He
> argues that she fabricated the allegations after it became clear that he
> would not leave his wife.

*People v. Kenneth Case*, No. 294091, 2011 WL 2937138, at *1, (Mich. Ct. App. July

21, 2011).

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 490 Mich. 972; 806

N.W.2d 492 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner Case was denied his federal due process right to present
a defense, and his federal constitutional right to confrontation and
cross-examination (U.S. Const. Amends. V, VI & XIV), when he was
repeatedly prohibited from exploring areas critical to factual support of
his defense that the charges in this case resulted from a false
allegation.

II. The Michigan Court of Appeals unreasonably applied *Strickland*
when it failed to find prejudice where trial defense counsel did not

*Case v. Rapelje,* 2:12-cv-10845

appropriately utilize, and failed to introduce, a key piece of impeaching evidence (the Purple Book). Petitioner Case was also denied the effective assistance of counsel guaranteed by the federal Constitution (U.S. Const. Amend. VI) where trial counsel failed to properly initiate and conclude review of reports and records (compiled by school counselors and treating psychiatric personnel in relation to [the complainant] under the dictates of *People v. Stanaway*, 521 N.W.2d 557 (Mich. 1994).

III. Petitioner Case was denied a fair trial in violation of the Due Process Clause of the United States Constitution (U.S. Const. Amend. V) where the *Stanaway* procedures with respect to school counseling records and prior psychiatric reports in relation to [the complainant]'s hospitalization may not have been properly complied with by the State trial court; this Court should conduct an independent review under *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

*Case v. Rapelje,* 2:12-cv-10845

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Moreover, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).

### III.  Discussion

**A.  Claim # 1. The right to present a defense claim**.

Petitioner alleges that he was denied his right to present a defense and right to confrontation by trial court evidentiary rulings that precluded him from

4

*Case v. Rapelje,* 2:12-cv-10845

presenting critical evidence to attack the credibility of the complainant.  Petitioner

references the court's rulings which precluded him from submitting the "Purple

Book," as evidence, restricting expert testimony, precluding inquiry into motive

for false accusations, and cutting short testimony to save time and shorten the

length of the proceedings.

Just as an accused has the right to confront the prosecution's witnesses

for the purpose of challenging their testimony, he also has the right to present

his own witnesses to establish a defense.  This right is a fundamental element of

the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also*

*Crane v. Kentucky*, 476 U.S. 683, 690 (1986)("whether rooted directly in the Due

Process Clause of the Fourteenth Amendment, or in the Compulsory Process or

Confrontation clauses of the Sixth Amendment, the Constitution guarantees

criminal defendants 'a meaningful opportunity to present a complete

defense'")(internal citations omitted).  However, an accused in a criminal case

does not have an unfettered right to offer evidence that is incompetent,

privileged, or otherwise inadmissible under the standard rules of evidence.

*Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).  The Supreme Court, in fact, has

indicated its "traditional reluctance to impose constitutional constraints on

ordinary evidentiary rulings by state trial courts." *Crane*, 476 U.S. at 689.  The

Supreme Court gives trial court judges "wide latitude" to exclude evidence that is

5

*Case v. Rapelje,* 2:12-cv-10845

repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins*, 341 F. 3d 507, 511-12 (6th Cir. 2003).

Petitioner first claims that the trial judge precluded him from introducing the "Purple Book" of remembrances into evidence in order to impeach the complainant. The Michigan Court of Appeals rejected this claim:

> Defendant contends that he intended to show that the contents of the purple book were completely at odds with the plausibility of the accusations leveled against him because the victim wrote in glowing terms of her time with defendant and his wife. Defendant argues that the trial court effectively ruled the purple book inadmissible by making clear that it would not allow the book to come in into evidence. However, defendant did not move to admit the book, nor did he inquire about the passages he now deems critical. Although the court

6

*Case v. Rapelje,* 2:12-cv-10845

commented that it was "not sure" it would allow the entire book into evidence when the prosecutor presented a hearsay objection, the court did not preclude defense counsel from asking questions about relevant material found within the book.  Further, defendant provides no authority in support of his argument that he effectively moved for admission of the book by marking it as an exhibit.

*Case,* No. 294091, 2011 WL 2937138, * 2 (internal citation omitted).

In regards to entry of the Purple Book into evidence, the trial court judge did not prohibit defense counsel from asking questions in connection with the Purple Book or preclude relevant excerpts to be entered into evidence.  (Tr. 7/10/2009, pp. 490-491).  Trial counsel marked and utilized the Purple Book during cross examination of the complainant.  Instead, it appears that for whatever reason, counsel decided to forego entering excerpts of the Purple Book into evidence.  Trial counsel marked the book as an exhibit, but never moved for its admission.  Although the trial judge allowed trial counsel to question the complainant on relevant portions contained within the Purple Book, counsel did not inquire about some of the passages he now claims were critical evidence foreclosed by the judge.  Since trial counsel never questioned the complainant about the passages mentioned in his brief and never moved for admission of the Purple Book into evidence, petitioner cannot claim that he was precluded from bringing a defense.  Petitioner cannot convert an attorney's decision not to introduce evidence into a constitutional violation of the right to present evidence generally. *See Rodriguez v. Zavaras*, 42 F. Supp. 2d 1059,

7

*Case v. Rapelje,* 2:12-cv-10845

1150 (D. Colo. 1999); *See also State v. Flood*, 219 S.W. 3d 307, 318 (Tenn. 2007)("Generally, the right to present a defense is not denied when a defendant does not pursue a line of questioning during cross-examination").

In addition, petitioner's counsel was allowed to cross-examine the complainant about the contents of the Purple Book and elicited admissions from her that she never mentioned being sexually assaulted by petitioner in this book. (Tr. 7/10/2009, p. 491). To the extent that the judge suggested that the Purple Book would not be admitted into evidence, this ruling was not so egregious that it effectively denied petitioner a fair trial, in light of the fact that petitioner was not completely barred from questioning the complainant about the contents of the Purple Book, so as to establish that she did not mention in this book that she had been sexually assaulted by petitioner. *See Fleming v. Metrish*, 556 F. 3d 520, 535-36 (6th Cir. 2009).  With the quantum of evidence on the defense theory in the record, this Court concludes that the petitioner was afforded "a meaningful opportunity to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873 (E.D. Mich. 2009)(citing *Crane*, 476 U.S. at 690 (citation and internal quotations omitted)).

Petitioner next challenges the trial court's ruling which limited the testimony of his expert witness, Catherine Okla, Ph.D.  Petitioner was precluded from eliciting testimony from Dr. Okla that most sexual assault victims will tell the

*Case v. Rapelje,* 2:12-cv-10845

truth when asked by a mental health professional whether they had been

sexually abused.  The Michigan Court of Appeals rejected petitioner's claim:

> Defendant also challenges the trial court's limitation of testimony by his expert witness, Katherine Okla, Ph.D.  The trial court originally prohibited Okla from testifying that, as a routine matter, mental health practitioners normally ask a victim is (sic) he or she had suffered any abuse and that most victims will tell the truth.  Ultimately, the trial court allowed testimony about the percentage of victims who report abuse when asked.  Defendant argues that the court limited the testimony because it was concerned about the length of the trial.  The record reveals, however, that the trial court clearly stated that it based its ruling on relevancy.  The court stated that there was no evidence of record that anyone had directly asked complainant if she had been abused and, therefore, it was irrelevant whether most abuse victims would tell the truth. MRE 702.  The court did mention "waste of time," but only within the context of citing MRE 403.  And under MRE 403, the court is completely within its rights to exclude evidence that it feels will merely be a waste of time.  The trial court did not abuse its discretion by limiting Okla's testimony.

*Case,* No. 294091, 2011 WL 2937138, * 2 (internal citation omitted).

Although the Michigan Court of Appeals ruled that a judge may limit

testimony that he or she finds "a waste of time," the trial judge clearly stated that

he based his ruling on relevancy.  An extensive discussion between trial

counsel, the prosecutor and trial judge examined the extensive studies that trial

counsel sought to introduce, prior to calling Dr. Okla.  The record is replete with

instances where evidence was limited or excluded based on the court finding

some of the proposed evidence to be marginally relevant or irrelevant. (Tr.

7/15/2009, pp. 893-925).

9

*Case v. Rapelje,* 2:12-cv-10845

A federal habeas court will not disturb a state court's exclusion of evidence on the grounds of relevancy "unless the relevance and probative value of such evidence is so apparent and great that excluding the evidence denies the petitioner the due process of law." *Jones v. Smith,* 244 F. Supp. 2d 801, 814 (E.D. Mich. 2003)(internal citations omitted).  "The inquiry in reviewing a claim of improper exclusion of evidence is whether the evidence was rationally connected to the crime charged and, if its exclusion was so prejudicial as to deprive the defendant of a fundamentally fair trial." *Id.*

Since there was no record evidence that any mental health professional asked the complainant if she had been abused, testimony pertaining to whether sexual abuse victims told the truth about the abuse when asked was irrelevant. The trial court's exclusion of such evidence did not violate petitioner's right to present a defense.

Finally, petitioner lists a number of actions by the trial court which denied him his right to present a defense.  Petitioner's claims are in connection to evidentiary rulings regarding sexual assaults by others, fights between the complainant and Kathy Case, questions pertaining to the ability of Mr. Case's mother to climb the stairs at the Case residence, and further evidentiary rulings in connection with Section D of Petitioner's brief.

10

*Case v. Rapelje,* 2:12-cv-10845

Trial counsel sought to question the complainant about sexual assaults by others.  The Michigan Court of Appeals rejected this claim on the grounds that the questions were barred by the rape shield statute, M.C.L.A. 750.520j, and a finding of limited probative value.  The Michigan Court of Appeals further noted that trial counsel failed to make an offer of proof which included concrete evidence that the complainant made a prior false accusation.  The Michigan Court of Appeals concluded that without proof of any prior accusations, the court did not err in precluding trial counsel from asking questions pertaining to false accusations of sexual assaults by others. *Case,* No. 294091, 2011 WL 2937138, * 3 (internal citation omitted).

A party who seeks the admission of any evidence must establish a proper foundation for the evidence before a trial court may admit it. *See Lurie v. Wittner*, 228 F.3d 113, 134 (2nd Cir. 2000)("The requirement that a proper foundation be laid for the admission of evidence serves that purpose [of preventing the confusion of issues] among others, and is well established.").  A trial judge may exclude defense evidence that is lacking in foundation. *See U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1188 (9th Cir. 2011).  Excluding evidence on the grounds that the criminal defendant had failed to establish an adequate foundation for its admission under state law does not violate a defendant's right to present a defense. *See U.S. ex rel. Winters v. Mizell*, 644 F. Supp. 782, 793

11

*Case v. Rapelje,* 2:12-cv-10845

(N.D. Ill. 1986); *See also Dell v. Straub*, 194 F. Supp. 2d 629, 644 (E.D. Mich. 2002)(Requiring a defendant to lay a foundation for the admissibility of certain evidence does not violate the Confrontation Clause).  The trial court's exclusion of the evidence on the grounds that petitioner had failed to offer sufficient proof of prior false allegations of sexual abuse by the complainant did not deprive petitioner of his right to present a defense.

Trial counsel also attempted to develop a motive for false allegations by eliciting testimony that the relationship between the complainant and petitioner's wife was strained and marked by fights.  Petitioner's wife testified in detail about one fight and attempted to provide the details pertaining to another fight.  The Michigan Court of Appeals upheld the exclusion of evidence concerning the fights between the complainant and petitioner's wife due to "undue delay, waste of time, needless presentation of cumulative evidence citing M.R.E. 403." *Case,* No. 294091, 2011 WL 2937138, * 3.  While the trial court allowed testimony pertaining to the existence of a fight, it merely limited inquiry into the specific details of each fight. *Id.*

Although the federal constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is

*Case v. Rapelje,* 2:12-cv-10845

outweighed by certain other factors such as unfair prejudice, confusion of the

issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319,

326 (2006)(citing Fed. Rule Evid. 403; Uniform Rule of Evid. 45 (1953); ALI,

Model Code of Evidence Rule 303 (1942); 3 J. Wigmore, Evidence §§ 1863,

1904 (1904)).  It was not unreasonable for the state trial court to exclude, as

"undue delay, waste of time, needless presentation of cumulative evidence,"

testimony pertaining to the details of the fights between the complainant and

petitioner's wife. *See Rockwell*, 341 F. 3d at 513.  The detailed testimony

pertaining to the fights presented a risk of undue delay and confusion of the

issues, particularly, if the complainant or the prosecutor decided to dispute the

allegations. *Id.*

Petitioner also claims that when trial counsel attempted to attack the

complainant's credibility by countering her claim that Mr. Case's mother could

not climb the stairs to a loft, the trial court refused to allow testimony to support

that Mr. Case's mother could climb the stairs.  The record clearly reflects that

counsel was permitted to question Kathy Case who stated twice that Mr. Case's

mother was capable of climbing the stairs that go up to a loft.  (Tr. 7/14/2009. pp.

704, 773).  This claim is meritless.

Furthermore, petitioner's allegations pertaining to the impatience of the

trial court judge are also meritless.  As addressed by the Michigan Court of

13

*Case v. Rapelje,* 2:12-cv-10845

Appeals, the comments were made in the context of M.R.E. 403, some were outside the presence of the jury, and some were directed at the prosecutor and trial counsel alike.  The trial judge's comment that he "couldn't stand another four or five days of this" was directed at the prosecutor alone. *Case,* No. 294091, 2011 WL 2937138, at *3.  The Supreme Court has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).  "A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." *Id.*  Petitioner's first claim is without merit.

### B.  Claim # 2.  Ineffective Assistance of Counsel

Petitioner alleges that trial counsel was ineffective for failing to properly utilize the Purple Book and introduce it into evidence.  Petitioner also claims that counsel failed to review reports and records compiled by school counselors and treating psychiatric personnel pertaining to the complainant.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*,

14

*Case v. Rapelje,* 2:12-cv-10845

466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Purple Book of remembrances, written by the complainant, as she prepared to leave for college, was a gift to the Cases as an expression of her feelings in connection with the time she spent with them.  Trial counsel extensively questioned the complainant about the Purple Book.  The complainant testified that the book did not contain any instances of sexual abuse and that she did not remember writing a journal referenced by the Purple Book. (Tr. 7/14/2009, pp. 491-494).  In light of the fact that the complainant was impeached with contents from the Purple Book, trial counsel's failure to introduce this book into evidence, even if deficient, was not prejudicial, for the purposes of establishing an ineffective assistance of counsel claim. *See Hodge v. Haeberlin*, 579 F. 3d 627, 645 (6th Cir. 2009)(Defense counsel's inability to

15

*Case v. Rapelje,* 2:12-cv-10845

obtain admission of document that would have been used to impeach witness in capital murder trial did not prejudice defendant, and thus did not support claim of ineffective assistance of counsel; counsel obtained admission of state's joint motion with witness for favorable probation arrangement in case, and also presented testimony of second witness, who indicated that first witness had told her that he had committed murders underlying charges against defendant, but was going to get plea bargain that would result in early parole); *See also Welsh v. Lafler*, 444 Fed. Appx. 844, 852 (6th Cir 2011)(Defense counsel's failure to admit into evidence in prosecution for criminal sexual conduct audiotape of defendant's conversation with victim at county fair, during which victim stated that defendant did not touch him inappropriately, did not constitute ineffective assistance of counsel; counsel's failure to admit recording was reasonable strategy given that witness admitted his prior inconsistent statements during testimony, and defendant failed to demonstrate that failure to admit audiotape was in any way prejudicial).

Petitioner further claims that trial counsel was ineffective for failing to properly follow through on his request to obtain *in camera review* of the complainant's reports and records compiled by school counselors and treating psychiatric personnel.

*Case v. Rapelje,* 2:12-cv-10845

Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico*, 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F. 3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).

While petitioner alleges that trial counsel did not receive and review all the discovery materials, petitioner fails to show that additional discovery materials exist and, if any, that they might have made any difference in the outcome of the trial.  Petitioner's second claim is without merit.

### C.  Claim # 3.  Request for order to review school and psychiatric records.

In his third claim, petitioner alleges that he was denied his right to due process because the trial judge may have failed to properly follow the procedures for conducting an *in camera* review of the complainant's school counseling and psychiatric records, as required by *People v. Stanaway*, 446 Mich. 643, 521 N.W.2d 557 (1994), before determining that they could not be used by petitioner to impeach the complainant.  Petitioner further requests this

17

*Case v. Rapelje,* 2:12-cv-10845

Court to order production or an *in camera* review of complainant's counseling records.

Petitioner alleges that "the state trial court refused to allow the defense to see the vast majority of thousands of pages of counseling records, and defense counsel apparently failed to follow up on his written request (by letter in September of 2008, Exhibit B) that he be permitted to secure additional documents from other counselors or therapists for in camera review." (Habeas Brief, p.49).

The trial court reviewed the materials three or four times (Tr. 5/4/2010, p. 21), and ordered that eight pages of documents from the victim's counseling files be provided to trial counsel. (Tr. 5/4/2010, p. 11). Petitioner speculates that perhaps trial counsel was not provided with all eight pages.

To the extent that petitioner is claiming that the judge violated state discovery rules, he would not be entitled to habeas relief. "It is well settled that there is no general constitutional right to discovery in a criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010)(citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)). A claim that a prosecutor or judge violated state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002).

18

*Case v. Rapelje,* 2:12-cv-10845

In addition, there is no clearly established federal law that requires that a defendant be permitted to use confidential, privileged information to impeach a witness.  In *Pennsylvania v. Ritchie*, 480 U.S. 39, 53–54 (1987), a plurality of the Supreme Court ruled that a defendant's right of cross-examination was not violated when a child protective service agency refused to turn over its confidential records to him, on the grounds that the records were privileged under state law. *Id.* at 43–46.  In so ruling, the Supreme Court stated, "[t]he ability to question adverse witnesses ... does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Id.* at 53.

In *Middlebrooks v. Bell*, 619 F. 3d 526, 541–43 (6th Cir. 2010); *cert. granted, judgment vacated on other grounds*, 132 S. Ct. 791 (2012), the Sixth Circuit refused to find a Confrontation Clause violation involving a claim almost identical to the one brought by petitioner.  In *Middlebrooks*, the state trial judge denied the petitioner's request to examine a witness' psychiatric hospital records for impeachment purposes, as well as his request to conduct an *in camera* inspection of those records. *Id.* at 541.  The petitioner was given a full opportunity to cross-examine the witness, and was permitted to ask the witness about the hospital records in question. *Id.* at 542.  The Sixth Circuit held, "[i]t is clear ... that for now there is no clearly established federal law indicating that the

19

*Case v. Rapelje,* 2:12-cv-10845

trial court's failure to order disclosure of [the witness'] hospital records violated [the defendant's] confrontation rights." *Id.* at 542–43.  The Sixth Circuit further emphasized that the defendant's trial counsel "received wide latitude to question" the witness. *Id.* at 543.

Unlike the trial judge in *Middlebrooks,* the trial judge agreed to review the complainant's school counseling and mental health records *in camera* and determined that with the exception of eight pages, they did not contain any exculpatory information.  In the absence of any clearly established federal law that requires that a criminal defendant be able to use privileged, confidential information to impeach a witness, the trial judge's refusal to turn the victim's school counseling and mental health records over to petitioner did not amount to a violation of his constitutional rights, so as to entitle him to habeas relief.

The Court will also deny petitioner's request for this Court to review the complainant's confidential records.

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).  A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.*  A federal district court may permit discovery in a habeas case if the petitioner presents specific allegations which give the court reason to believe

20

*Case v. Rapelje,* 2:12-cv-10845

that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009); *See also Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). However, Rule 6 of the Habeas Rules does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F. 3d 932, 974 (6th Cir. 2004)(internal quotation omitted). A habeas petitioner's conclusory allegations are insufficient to warrant discovery under Rule 6. *Id.* Instead, the petitioner must set forth specific allegations of fact. *Id.*

Petitioner is also not entitled to production of the complainant's counseling and mental health records, because they are protected by the psychologist-patient privilege. The Supreme Court has held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15, (1996). The Supreme Court noted that all 50 States and the District of Columbia have "enacted into law some form of psychotherapist privilege." *Id.* at 12. The Supreme Court rejected a "balancing component ... [m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure." *Id.* at 17. Because the complainant's mental health records are

21

*Case v. Rapelje,* 2:12-cv-10845

protected by the psychologist-patient privilege, petitioner is not entitled to discovery of these records. *See Newton v. Kemna,* 354 F. 3d 776, 783-85 (8th Cir. 2004).

### D.  A Certificate of Appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. § 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

*Case v. Rapelje,* 2:12-cv-10845

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *Id.*

### IV. Conclusion

For the reasons stated above, this Court concludes that Petitioner Case is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus is DENIED WITH PREJUDICE. (Dkt.# 1).

*Case v. Rapelje,* 2:12-cv-10845

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be granted leave to appeal

*in forma pauperis.*

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated:  November 26, 2014 | United States District Judge |

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 26, 2014, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant

24